IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phuc C. Pham,<br><br>    Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV 09-2535-PHX-FJM (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE FREDERICK J. MARTONE, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Petitioner Phuc C. Pham has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Pursuant to a plea agreement entered on June 23, 2003, Petitioner pled guilty in Maricopa County Superior Court to one count of attempted sexual conduct with a minor and one count of attempted child molestation, both class three felonies under Arizona law. (Doc.10, Exh. A). On October 8, 2003, Petitioner was sentenced to ten years in prison for the first offense and a consecutive term of lifetime probation for the second. (Doc. 10, Exh. I).

1  On October 15, 2003, Petitioner filed a Notice of Post-Conviction Relief. (Doc. #10, Exh. C). The Superior Court dismissed the post-conviction proceedings on June 9, 2004, after Petitioner failed to filed a petition by the deadline. (Doc. 10, Exh. D). Petitioner did not seek review of the dismissal in the Arizona Court of Appeals or the Arizona Supreme Court. (Doc. 1 at 5).

On January 8, 2008, Petitioner filed a second Notice of Post-Conviction Relief and a Petition for Post-Conviction Relief in the Superior Court. (Doc. 10, Exh. J, E). Petitioner alleged one claim for relief in his petition: that his sentence was illegal under a new decision by the Arizona Court of Appeals. (Doc. 10, Exh. E, B at 2). The Superior Court granted relief to Petitioner after finding that his sentence was illegal and that his claim was not waived or precluded. (Doc. 10, Exh. B at 2-3). The Court of Appeals subsequently denied the State's petition for review. (Doc. 10, Exh. B at 3). The State then petitioned for review in the Arizona Supreme Court, which continued the matter until after it ruled in a similar case. (Doc. 10, Exh. B at 3). When the Court held in the similar case that the petitioner was not entitled to relief, it granted the State's petition for review and remanded the case to the Court of Appeals for reconsideration in light of its decision. (Doc. 10, Ehx. B at 3-4). Upon reconsideration, the Court of Appeals granted relief to the State and remanded the case to the Superior Court for dismissal of the post-conviction petition. (Doc. 10, Exh. B at 1-2). The Superior Court then dismissed the petition on July 1, 2009. (Doc. 10, Exh. F). On July 20, 2009, Petitioner filed a Petition for Review in the Arizona Supreme Court, which the Court denied on November 9, 2009. (Doc. 10, Exh. G, H).

Petitioner filed his Petition for Writ of Habeas Corpus in this court on December 4, 2009. (Doc. 1). Petitioner alleges four grounds for relief: (1) that he was sentenced illegally under a statute that was not authorized, in violation of his right against cruel and unusual punishment and to due process; (2) that the illegal sentence and the state court's refusal to grant relief violated his "basic constitutional protections"; (3) that the imposition of an illegal sentence violates the State and U.S. Constitutions; and (4) that the state court violated the constitutional protections of due process and equal protection, and the prohibition against

- 2 -

1  cruel and unusual punishment, when it found that he should have raised his illegal sentencing
2  claim before the appellate court's decision that made him aware of the issue. Respondents
3  filed an Answer to Petition for Writ of Habeas Corpus on April 2, 2010. (Doc. 10).
4  Petitioner then filed a Reply on April 20, 2010. (Doc. 12).

## DISCUSSION

Respondents contend in their answer that Petitioner's claims are barred by the statute of limitations, that the claims allege violations of state law and are not cognizable in a federal habeas petition, and that the claims are procedurally defaulted. As the following analysis shows, the court finds that Petitioner's allegations do not present cognizable federal claims. As such, the court need not address whether the petition is timely or whether the claims are procedurally defaulted.

**A.    Cognizable Claims**

To be eligible for federal habeas corpus relief, a state prisoner must establish that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas corpus relief is not available for errors of state law. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). It is not the policy of the federal courts to re-examine state court determinations of state law questions. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Federal courts are without jurisdiction to review State court applications of state procedural rules. Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1998). A petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). "[T]he Supreme Court has long settled that the Fourteenth Amendment does not assure immunity from judicial error or uniformity of judicial decisions." Little v. Crawford, 449 F.3d 1075, 1082 (9th Cir. 2006).

Moreover, federal habeas relief is not available for alleged errors in State post-conviction proceedings. Carriger v. Stewart, 95 F.3d 755, 762-763 (9th Cir. 1996), vacated on other grounds, 132 F.3d 463 (1997). A petitioner's claim that his right to due process was violated during state post-conviction proceedings may not considered on federal habeas review. See Villafuerte v. Stewart, 111 F.3d 616, 632 n.7 (9th Cir. 1997) (denial of due

- 3 -

1 process during state habeas proceedings not addressable in federal habeas petition); Franzen
2 v. Brinkman, 877 F.2d 26 (9th Cir. 1989) (petitioner's alleged due process violation based on
3 a delay in deciding his state petition for post-conviction relief may not be considered on
4 federal habeas review).

**B.    Application**

Although Petitioner identifies four separate claims, they are, in essence, four different ways of saying the same thing. Petitioner is claiming that his rights were violated when the state courts refused to grant him relief even though the Arizona Court of Appeals issued a decision that, according to Petitioner, invalidated his sentence. Petitioner contends that his sentence is illegal and that the state courts' failure to grant him relief violates certain federal constitutional rights.

Respondents argue that Petitioner's claim that he was improperly sentenced under the wrong state statute is a question of state law not cognizable on federal review. Further, they argue that Petitioner's challenge to the state courts' ultimate determination that his sentencing claim was precluded from state post-conviction review is also a state law question.

In State v. Gonzalez, 216 Ariz. 11, 162 P.3d 650 (App. 2007), the Arizona Court of Appeals held that the enhanced sentencing statute for dangerous crimes against children under which Gonzalez was sentenced did not apply to attempted sexual conduct with a minor under the age of twelve. The Court ruled that despite what was likely an oversight by the state legislature, it was bound to follow the plain language of the statute, which did not encompass attempted sexual conduct with a victim under twelve. Id. at 13-14, 162 P.3d at 652-53. The Court therefore concluded that the 7.5 year sentence imposed against Gonzalez for attempted sexual conduct with a minor was illegal, and it remanded the matter for resentencing. Id. at 15, 162 P.3d at 654.

After the Superior Court granted Petitioner's post-conviction petition in light of Gonzalez, and the Court of Appeals affirmed, the Arizona Supreme Court continued the matter on its calendar until it decided State v. Shrum, 220 Ariz. 115, 203 P.3d 1175 (2009).

1   In <u>Shrum</u>, the Court held that <u>Gonzalez</u> was not a "significant change in the law" under the
2   Arizona Rules of Criminal Procedure governing petitions for post-conviction relief. <u>Id.</u> at
3   120, 203 P.3d at 1180.  The Court determined that <u>Gonzalez</u> was simply the first appellate
4   opinion on whether the enhanced sentencing statute applied to attempted sexual conduct with
5   a minor under twelve. <u>Id.</u> at 119-20, 203 P.3d at 1179-80.  <u>Gonzalez</u> did not "rest on a
6   changed interpretation of Arizona constitutional law," nor did it "purport to overrule any
7   prior opinion." <u>Id.</u> at 119, 203 P.3d at 1179.  As a result, the Court ruled that Shrum's second
8   petition for post-conviction relief in which he sought relief pursuant to <u>Gonzalez</u> was
9   precluded under Arizona post-conviction relief rules. <u>Id.</u> at 120, 203 P.3d at 1180.

10   The procedural background of Petitioner's case is nearly identical to Shrum's. In fact,
11  the Court in <u>Shrum</u> specifically referred to two other pending cases, including Petitioner's,
12  as presenting the same issue. <u>Shrum</u> at 117, 203 P.3d at 1177.  Like Shrum, Petitioner pled
13  guilty to attempted sexual conduct with a minor who was under age twelve, was sentenced
14  to prison under the dangerous crimes against children statute, and failed to raise an illegal
15  sentence claim in his first post-conviction proceedings before filing a second petition years
16  later.  As a result, when, upon remand, the Court of Appeals reconsidered Petitioner's case
17  in light of <u>Shrum</u>, it found that "[l]ike Shrum, Pham's PCR was untimely and successive, and
18  thus his <u>Gonzalez</u> claim is precluded." (Doc. 10, Exh. B at 4).  The Superior Court then
19  dismissed his second post-conviction proceeding and the Arizona Supreme Court denied
20  review of that dismissal.  (Doc. 10, Exh. F, H)

21   Despite Petitioner's characterizations of his claims as violations of the Federal
22  Constitution, the claims turn solely on the interpretation of state law and are not cognizable
23  on federal habeas review.  Petitioner's allegations, at their core, are challenging the state
24  courts' interpretation of the state procedural rules governing petitions for post-conviction
25  relief. Based on <u>Shrum</u>, the state courts determined that Petitioner was precluded under the
26  state rules of criminal procedure from raising an unlawful sentence claim in his second
27  petition for post-conviction relief.  Nothing about that determination implicates the Federal
28  Constitution and Petitioner has failed to demonstrate otherwise.

1    Having determined that federal habeas review is unavailable for Petitioner's claims,
2 the court will recommend that the habeas petition be denied.

3 **IT IS THEREFORE RECOMMENDED:**

4    That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be
5 **DENIED** and **DISMISSED WITH PREJUDICE**;

6 **IT IS FURTHER RECOMMENDED**:

7    That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal
8 be **DENIED** because the dismissal of the Petition is justified because Petitioner has not made
9 a substantial showing of the denial of a constitutional right.

10    This recommendation is not an order that is immediately appealable to the Ninth
11 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
12 Appellate Procedure, should not be filed until entry of the district court's judgment. The
13 parties shall have 14 days from the date of service of a copy of this recommendation within
14 which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R.
15 Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response
16 to the objections. Failure to timely file objections to the Magistrate Judge's Report and
17 Recommendation may result in the acceptance of the Report and Recommendation by the
18 district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121
19 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the
20 Magistrate Judge will be considered a waiver of a party's right to appellate review of the
21 findings of fact in an order of judgement entered pursuant to the Magistrate Judge's
22 recommendation. See Fed. R. Civ. P. 72

23    DATED this 27th day of September, 2010.

Edward C. Voss
United States Magistrate Judge