**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phuc C. Pham,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-09-2535-PHX-FJM<br><br>**ORDER** |

The court has before it petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1), respondents' answer (doc. 10), and petitioner's reply (doc. 12). We also have before us the United States Magistrate Judge's report and recommendation recommending that we deny the petition for failure to state a cognizable federal claim (doc. 13), petitioner's objections (doc. 16) and motion for certificate of appealability (doc. 17). After *de novo* consideration of the issues, we accept the recommended decision of the Magistrate Judge and deny the habeas petition.

**I**

On June 23, 2003, petitioner pled guilty to attempted sexual conduct with a minor (count one) and attempted child molestation (count two). He was sentenced to a presumptive ten-year term of imprisonment on count one and lifetime parole on count two. On October 15, 2003, petitioner filed a notice of post-conviction relief, but because he did not file a

petition for post-conviction relief, the trial court summarily dismissed the proceedings.

Almost four years later, on January 28, 2008, petitioner filed a second notice of post-conviction relief, this time also filing a petition for post-conviction relief. His only claim was that his sentence under the statute for dangerous crimes against children, A.R.S. § 13-604.01, was illegal under a new decision by the Arizona Court of Appeals, which held that the statute did not apply to attempted sexual conduct with a minor under the age of twelve. See State v. Gonzalez, 216 Ariz. 11, 162 P.3d 650 (Ct. App. 2007). The Superior Court granted the requested relief, concluding that in light of Gonzalez, petitioner's sentence was illegal and void. The Court of Appeals affirmed the decision. On appeal, the Arizona Supreme Court continued the matter pending its decision in State v. Shrum, 220 Ariz. 115, 203 P.2d 1175 (2009).

In Shrum, the petitioner filed a successive petition for post-conviction relief, arguing for the first time that, pursuant to Gonzalez, his enhanced sentence for attempted sexual conduct with a minor was unlawful. He sought to avoid the preclusive effect of his successive petition by arguing that Gonzalez was a "significant change in the law" for purposes of Rule 32.1(g), Ariz. R. Crim. P. The Arizona Supreme Court rejected the argument that Gonzalez constituted a "significant change in the law," reasoning that Gonzalez did not "rest on a changed interpretation of Arizona constitutional law," or "purport to overrule any prior opinion." Id. at 119, 203 P.3d at 1179. Instead, it was merely the first appellate opinion addressing the application of the enhanced sentencing statute to attempted sexual conduct with a minor. Id. "In short, the law was not changed in any way by Gonzalez." Id. The court concluded that Shrum's second petition for post-conviction relief was precluded under Rule 32.2(a), Ariz. R. Crim. P.

As in Shrum, petitioner in the instant case pled guilty to attempted sexual conduct with a minor who was under the age of twelve, was sentenced to prison under the dangerous crimes against children statute, and failed to raise an illegal sentence claim in his first post-conviction proceeding. Following its decision in Shrum, the Arizona Supreme Court remanded petitioner's case to the Court of Appeals with instructions to reconsider its decision

- 2 -

in light of Shrum. On remand, the Court of Appeals concluded that "[l]ike Shrum, Pham's PCR was untimely and successive, and thus his Gonzalez claim is precluded." (doc. 10, ex. B at 6).

Petitioner filed this habeas petition on December 4, 2009, asserting four claims for relief, all of which essentially challenge his sentence as unconstitutional. (doc. 1).

## II

A state prisoner is eligible for habeas relief only if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It is well established that federal habeas relief is not available for errors of state law. Lewis v. Jeffers, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102 (1990). A federal habeas court cannot "reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991). Moreover, federal habeas relief is not available to "redress alleged procedural errors in state post-conviction proceedings." Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998); see also Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1998) (holding that federal habeas courts lack jurisdiction to review state court applications of state procedural rules, including specifically Rule 32.2, Ariz. R. Crim. P.). A petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

After our *de novo* review of the issues, we agree with the Magistrate Judge's conclusion that despite petitioner's characterizations of his claims as federal constitutional violations, the claims turn solely on alleged state law errors. The gravamen of petitioner's claims challenge the state court's interpretation and application of state sentencing statutes, and the propriety of petitioner's post-conviction proceedings. These claims challenge state law determinations on issues of state law and accordingly are not cognizable on federal habeas review.

## III

Even if we had found a constitutional component to petitioner's claims, however, we

1  would nevertheless deny the petition as untimely under the Antiterrorism and Effective Death
2  Penalty Act of 1996 ("AEDPA"). Under AEDPA, a state prisoner must seek federal habeas
3  corpus relief within one year from "the date on which the judgment became final by the
4  conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.
5  § 2244(d)(1)(A). In this case, the trial court sentenced petitioner on October 10, 2003. He
6  commenced his "of right" post-conviction proceeding in compliance with Rule 32.4(a), Ariz.
7  R. Crim. P., but the trial court summarily dismissed the proceedings on June 9, 2004, when
8  petitioner failed to file a petition for post-conviction relief. His conviction became final
9  thirty-one days later, on July 10, 2004, when the time to seek review of the trial court's order
10 expired. See Ariz. R. Crim. P. 32.9(c). Therefore, petitioner had until July 10, 2005, to file
11 a habeas petition in federal court. However, he did not file his habeas petition until
12 December 4, 2009, more than five years after the expiration of the AEDPA deadline. Absent
13 statutory or equitable tolling, the petition is time-barred.

14         A petitioner is entitled to equitable tolling only if he can show (1) that diligently
15 pursued his rights, and (2) that some extraordinary circumstance stood in his way that
16 prevented timely filing. Lawrence v. Florida, 549 U.S. 327, 336, 127 S. Ct. 1079, 1085
17 (2007). Petitioner argues that he is entitled to equitable tolling because he only recently
18 discovered the legal significance of his sentence when Gonzalez was decided, and that he
19 was essentially "prevented" from filing before that decision. However, a petitioner's
20 discovery of the legal basis for his claim does not affect the date that the AEDPA statute of
21 limitations begins to run. Petitioner was aware of the factual predicate for his claims at the
22 time he was sentenced in October 2003. That he may not have understood the legal
23 significance of those facts until later does not toll the statute. See Hasan v. Galaza, 254 F.3d
24 1150, 1154 n.3 (9th Cir. 2001) ("Time begins [under AEDPA] when the prisoner knows (or
25 through diligence could discover) the important facts, not when the prisoner recognizes their
26 legal significance.").

27                                            **IV**
28         For the foregoing reasons, **IT IS ORDERED DENYING** petitioner's petition for writ

1  of habeas corpus (doc. 1). Because petitioner has not made a substantial showing of the
2  denial of a constitutional right, **IT IS FURTHER ORDERED DENYING** petitioner's
3  motion for Certificate of Appealability and leave to proceed *in forma pauperis* on appeal
4  (doc. 17).

5  DATED this 29th day of October, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge